UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
CHARLES WILCHER,                    :
                                    :   Civil Action No.
            Plaintiff,              :   08-2723 (NLH)
                                    :
      v.                            :
                                    :
JOHN E. POTTER, POSTMASTER          :   **OPINION**
GENERAL, U.S. POSTAL SERVICE        :
                                    :
            Defendants.             :
_____ :

Appearances:
JOSE LUIS ONGAY
521 S. SECOND STREET
PHILADELPHIA, PA 19147
*Attorney for Plaintiff*

ELIZABETH ANN PASCAL
U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE U.S. ATTORNEY
401 MARKET STREET
P.O. BOX 2098
CAMDEN, NJ 08101
*Attorney for Defendants*

**HILLMAN, District Judge**

      Before the Court is defendants' motion to dismiss plaintiff's amended complaint for failure to comply with Federal Rule of Civil Procedure 8(a)(2) requiring that a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. In the alternative, defendants argue that plaintiff should be required to redraft his pleading to conform to Rule 8(a)(2). Because the Court finds that plaintiff's amended complaint does not provide a short and plain statement of the plaintiff's claims, plaintiff will be ordered to

file a second amended complaint in compliance with Rule 8(a)(2).

### I.   JURISDICTION

We exercise subject matter jurisdiction over plaintiff's federal civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).  We exercise supplemental jurisdiction over plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

### II.   BACKGROUND

Plaintiff Charles Wilcher was employed by the United States Postal Service as a letter carrier for approximately six years until his employment was terminated on or about March 16, 2007.  Plaintiff filed a complaint alleging that defendants violated Title VII of the Civil Rights Act by discriminating against plaintiff on the basis of his race, religion, sex and by retaliating against him for filing a complaint with the Equal Employment Opportunity Commission ("EEOC").

In response to the amended complaint, defendants filed a motion to dismiss on the grounds that plaintiff failed to comply with Fed.R.Civ.P. 8(a)(2).  Plaintiff did not file an opposition to the motion.

### III.   DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which

it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007)(citing Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)).

Here, defendants argue that plaintiff's amended complaint "...is a confusing prolixity of jumbled and seemingly disjointed random facts that virtually invites the defendants' attorneys to respond at their peril should they fail to adequately investigate each allegation, or fail to interview each person identified before answering the factual morass contained within it."

The plaintiff did not respond to defendants' motion to dismiss. A review of plaintiff's amended complaint reveals that the factual recitation lacks clarity. Plaintiff refers to individuals who are not parties and does not explain how their conduct relates to his claims. Plaintiff also alleges facts without putting them in any context so that it is difficult to understanding their meaning or importance. It seems that some of the facts are extraneous and it is unclear how they relate to plaintiff's claims. Further, the alleged facts do not appear in any type of order, i.e., chronological order.

Overall, the 139 paragraphs of allegations do not provide a "short and plain statement" of the claims as required by Fed.R.Civ.P. 8(a)(2). See Untracht v. Fikri, 368 F.Supp.2d 409, 414-15 (W.D.Pa. 2005) (determining that needless factual

detail and verbose nature of the complaint were unfairly burdensome to defendants) (citing Brejcak v. County of Bucks, 2004 WL 377675, *7 (E.D.Pa. 2004), quoting Drysdale v. Woerth, 1998 WL 966020, *2 (E.D.Pa. 1998)("dismissing a prolix complaint that 'describe[d] in unnecessary and burdensome detail every instance of Defendants' alleged misconduct'"); Burks v. City of Philadelphia, 904 F.Supp. 421, 424 (E.D.Pa. 1995) ("dismissing a fact-laden complaint that 'describe[d] in unnecessary, burdensome, and often improper argumentative detail, every instance of alleged racial discrimination perpetrated by Defendants over the period of 1993 and 1994'")).[1]

---

[1] The Court also notes that Rule 12(e) of the Federal Rules of Civil Procedure permits a party to move for a more definite statement "[i]f a pleading ... is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e); Twombly, 127 S.Ct. at 1985 n.9 ("The remedy for an allegation lacking sufficient specificity to provide adequate notice is, of course, a Rule 12(e) motion for a more definite statement") (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002)); Schaedler v. Reading Eagle Publications, Inc., 370 F.2d 795, 797-98 (3d Cir. 1967) (Rule 12(e) does not expressly authorize dismissal of the complaint but "the court may strike the pleading to which the motion was directed or make such order as it deems just.") (In Schaedler, the Third Circuit quoted an earlier version of Rule 12(e). The change in language from "to which the motion was directed or make such order as it deems just" to "or issue any other appropriate order" does not alter the analysis. See Fed.R.Civ.P. 12(e).); Francis v. Joint Force Headquarters Nat. Guard, No. 05-4882 (JBS), 2008 WL 4560714, at *3 (D.N.J. Oct. 7, 2008) (finding that inadequacies of plaintiff's amended complaint prevented defendants from "reasonably prepar[ing] a response," and ordering plaintiff to file an amended pleading). Rule 12 is more appropriate, however, when the objection is that the compliant alleges too little. Here, where the defendant argues that the complaint alleges too much the remedy is the filing of an amended

Thus, plaintiff should file a second amended complaint that conforms to Rule 8(a)(2). Particularly, plaintiff should provide a "short and plain statement" of his claim and allege sufficient facts that are pertinent to his claims showing that he is entitled to relief.

**IV. CONCLUSION**

For the foregoing reasons, defendants' unopposed motion is granted in part and denied in part. Plaintiff will be ordered to file a second amended complaint within twenty (20) days of entry of the Court's Order.

At Camden, New Jersey

    s/Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

complaint that meets the standard set out in Rule 8(a)(2).

5